IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| LINDA KATHRYN SHOAFF, AS GUARDIAN AND CONSERVATOR FOR FRANCES GAHAGAN,<br><br>Plaintiff,<br><br>v.<br><br>NORTHPORT HEALTH SERVICES OF MISSOURI, L.L.C. D/B/A WEBB CITY HEALTH AND REHABILITATION CENTER,<br><br>Defendant. | Cause No.<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

COMES NOW defendant, Northport Health Services of Missouri, LLC d/b/a Webb City Health and Rehabilitation Center, by and through its counsel of record, Sandberg Phoenix & von Gontard P.C., pursuant to 28 U.S.C. §1332 and §1441 and Rule 81(c) of the Federal Rules of Civil Procedure, and for its Notice of Removal, state as follows:

1. This medical negligence case was filed on November 16, 2010, in the Circuit Court of Jasper County, Missouri, which lies within the jurisdictional confines of the United States District Court, Western District of Missouri, Southwestern Division. The named plaintiff in this case is Frances Jean Gahagan, by and through her duly appointed guardian, conservator and attorney-in-fact, Linda Kathryn Shoaff. The only defendant in this case is Northport Health Services of Missouri, LLC d/b/a Webb City Health and Rehabilitation Center.

2748525\1

2. Defendant is removing this case to the United States District Court, Western District of Missouri, Southwestern Division, on the basis of diversity of citizenship. Plaintiff is a citizen of the State of Missouri. Defendant is a citizen of the State of Alabama. The amount in controversy is in excess of $75,000.

3. Service on Defendant Northport Health Services of Missouri, LLC d/b/a Webb City Health and Rehabilitation Center was perfected by agreement of counsel for the defendant to accept service (with an effective date of acceptance of December 8, 2010) (See Exhibit 1). Pursuant to the Federal Rules of Civil Procedure, this Notice of Removal is filed within thirty (30) days of service on the defendant.

4. The plaintiff, Frances Gahagan, is a citizen and resident of Jasper County, Missouri. See Plaintiff's Petition at ¶1. On information and belief, Linda Kathryn Shoaff is also a citizen and resident of the State of Missouri. See Accurint Report on Linda Shoaff, attached as Exhibit 2.

5. There is only one named defendant in this case, to wit: Northport Health Services of Missouri, LLC d/b/a Webb City Health and Rehabilitation Center.

6. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. GMAC Commercial Credit, LLC v. Dillard Department Stores, Inc., 357 F.3d 827 (8th Cir., 2004).

7. At all times relevant to this lawsuit (August 2009 to the present), Northport Health Services of Missouri, LLC has had two (2) members, to wit: Northport Health Services, Inc. and J. Norman Estes. See Affidavit of Claude E. Lee, attached hereto as Exhibit 3.

8. For purposes of diversity jurisdiction, a corporation has dual citizenship: its state of incorporation and the state in which it has its principal place of business.

9. At all times relevant to this lawsuit (August 2009 to the present), Northport Health Services, Inc. has been incorporated in the State of Alabama. See Exhibit 3.

10. At all times relevant to this lawsuit (August 2009 to the present), the principal place business of Northport Health Services, Inc. has been in the State of Alabama. See Exhibit 3.

11. At all times relevant to this lawsuit (August 2009 to the present), J. Norman Estes has been a citizen and resident of the State of Alabama. See Exhibit 3.

12. At no time relevant to this lawsuit (August 2009 to the present), has Northport Health Services, Inc. or J. Norman Estes been a citizen or resident of the State of Missouri. See Exhibit 3.

13. In light of paragraphs 4 through 12, *supra*, there exists complete diversity of citizenship.

14. This is a nursing home negligence case. The Plaintiff's Petition alleges, very generally, that the employees and staff of the Webb City Health and Rehabilitation Center negligently permitted Frances Gahagan to fall out of her wheelchair, striking her head on the floor and causing severe injuries. The Plaintiff's Petition also makes allegations that the Webb City Health and Rehabilitation Center staff permitted Ms. Gahagan to become dehydrated and malnourished. See Plaintiff's Petition.

15. The Plaintiff's Petition, at ¶¶ 26-30, sets forth the injuries and damages allegedly sustained by Ms. Gahagan during her stay at the facility. Among other things, the plaintiff alleges that the negligence of Webb City Health and Rehabilitation Center has necessitated

"twenty-four (24) hour nursing care for the remainder of her life" (Id. at ¶ 26), "medical treatment and daily nursing care" (Id. at ¶ 27), and "twenty-four (24) hour assistance." (Id. at ¶ 30). The Petition also alleges that the negligence of Webb City Health and Rehabilitation Center resulted in Ms. Gahagan being "unable to care for herself, [having] trouble communicating, and [having] impaired mental cognition." (Id. at ¶ 28).

16. Given the magnitude of the claimed injuries, particularly the claimed neurological injuries, and the likely monetary value associated with said injuries, there clearly exists an amount in controversy in excess of the $75,000 statutory minimum.

17. Defendant attaches hereto a certified copy of the Court File from the Circuit Court of Jasper County, Missouri. See Exhibit 4.

18. As all of the statutory requirements of 28 U.S.C. §1332 and §1441 have been satisfied, this Court can exercise diversity jurisdiction over this matter.

19. Removal of this cause of action to this Court is sought pursuant to the provisions of 28 U.S.C. §1441, and the time for filing this Notice of Removal as set forth in 28 U.S.C. §1446 has not expired. This case is being removed within thirty (30) days of service upon this defendant, which occurred on December 8, 2010.

20. Contemporaneously with the filing of this Notice of Removal, defendant has given written notice thereof to the Plaintiff and filed a copy of the Notice of Removal with the Clerk of the Jasper County Circuit Court. See Exhibit 5.

21. Defendant files concurrently herewith its Answer to the Plaintiff's Petition, its Motion to Enforce Arbitration and its Memorandum of Law in Support thereof.

WHEREFORE, Defendant Northport Health Services of Missouri, LLC d/b/a Webb City Health and Rehabilitation Center prays that the above-captioned action now pending against it in the Circuit Court of Jasper County, State of Missouri, be removed to the United States District Court, Western District of Missouri, Southwestern Division and for such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

                              SANDBERG PHOENIX & von GONTARD P.C.

By: *s/ Timothy P. Dugan*
Stephen M. Strum, # 37133
Timothy P. Dugan, #48752
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail: sstrum@sandbergphoenix.com
       tdugan@sandbergphoenix.com

Attorneys for Defendant
Webb City Health and Rehabilitation Center

## Certificate of Service

I hereby certify that on 6th day of January, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Daniel D. Whitworth
Whitworth, McPherson & Longnecker, LLC.
626 Byers Avenue
Joplin, MO 64801
ddwhitworth@sbcglobal.com

I hereby certify that on 6th day of January, 2011, the foregoing was mailed by United States Postal Service to the following non-participants in Electronic Case Filing:

Daniel D. Whitworth
Whitworth, McPherson & Longnecker, LLC.
626 Byers Avenue
Joplin, MO 64801

*s/ Timothy P. Dugan*

2748525\1