IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI
AT JOPLIN

| | |
|---|---|
| LINDA KATHRYN SHOAFF, as Guardian and Conservator for Frances Gahagan, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 10AO-CC00401<br>) |
| NORTHPORT HEALTH SERVICES OF MISSOURI, L.L.C. d/b/a WEBB CITY HEALTH AND REHABILITATION CENTER, | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## PETITION

COMES NOW Plaintiff Linda Kathryn Shoaff, as Guardian and Conservator for Frances Gahagan, by and through her counsel, Daniel D. Whitworth, and for her causes of action against Defendant, states and alleges as follows:

### JURISDICTION AND VENUE

1. That Plaintiff Frances Gahagan is an individual and resident of Jasper County, Missouri.

2. That Plaintiff was found to be incapacitated and disabled in Jasper County Circuit Court case number 09AP-PR00278.

3. That Linda Kathryn Shoaff was appointed as Frances Gahagan's Guardian and Conservator in the above-referenced case.

4. That Defendant Northport Health Services of Missouri is a limited liability corporation and is registered and conducting business in Missouri under the fictitious name Webb City Health and Rehabilitation Center.

EXHIBIT 4

5. That Defendant may be served at its principal place of business, which is located at Webb City Health and Rehabilitation Center, 2077 West Carl Junction Road, Webb City, Jasper County, Missouri 64870.

6. That at all times mentioned herein, Plaintiff was a patient and resident of Defendant Webb City Health and Rehabilitation Center in Webb City, Jasper County, Missouri.

7. That the cause of action described herein arose in the County of Jasper, State of Missouri.

8. That jurisdiction and venue are proper in this Court.

## COUNT I—NEGELIGENCE

9. That Plaintiff incorporates each and every allegation contained in Paragraphs 1 through 7 as though fully set forth herein.

10. That Plaintiff was admitted to St. John's Regional Medical Center in Joplin, Missouri, on or about August 19, 2009.

11. That while in the care of such facility, Plaintiff was diagnosed as having suffered a stroke with left hemiplegia.

12. That Plaintiff was transferred from the care of St. John's Regional Medical Center to that of Defendant Webb City Health and Rehabilitation Center on or about September 8, 2009.

13. That Plaintiff was placed under the care of Defendant Webb City Health and Rehabilitation Center for further treatment, rehabilitation, and recovery of said stroke.

14. That in consideration of a charge of Four Hundred Eighty-Three dollars and Fifty-Four cents ($483.54) per month, Defendant received Plaintiff as a patient and agreed and undertook to treat and rehabilitate her well knowing of her then-current and fragile condition.

15. That at the time of Plaintiff's transfer to Webb City Health and Rehabilitation Center,

it was Plaintiff's treating physician's opinion that Plaintiff would be able to rehabilitate in a relatively short period and be able to return home.

16. That accompanying the transfer of Plaintiff were specific instructions regarding her care.

17. That these specific transfer instructions included that Plaintiff was not to be left alone or unattended due to her existing physical condition, which left her unable to sit in a chair or wheelchair without assistance.

18. That Defendant negligently and carelessly left Plaintiff alone which was dangerous and unsafe for Plaintiff due to her medical and fragile physical condition unless she was constantly watched and guarded.

19. That Defendant, their servants and employees, carelessly, negligently and unskillfully failed and neglected to give Plaintiff the care and attention which her condition required, and failed and neglected to guard and watch her when she was in such disclosed physical condition.

20. That on or about September 8, 2009, the same day of admission to Defendant's facility, while she was in such fragile physical condition to be unable to care for or protect herself, and while she was by Defendant so left alone, and while she was alone without an attendant, watch or guard for a period of time, Defendant, their servants and employees, negligently permitted Plaintiff to fall out of her wheelchair.

21. That after such fall, Plaintiff was unresponsive and "was noted to be difficult to arouse." See attached Exhibit "A."

22. That Plaintiff was then transferred to St. John's Regional Medical Center's emergency room because of the "change in her mental condition and hypoxia, hypertension and cyanosis of her nails." See attached Exhibit "B."

23. That once Plaintiff arrived in the emergency room, a CT scan of her head revealed a subacute right parietal infarct.

24. That Plaintiff Frances Gahagan suffered head trauma, a contusion, and pain and suffering as a result of the fall.

25. That Plaintiff suffered both malnutrition and dehydration while at Webb City Health and Rehabilitation Center.

26. That it is now in the opinion of her treating physician that she will need twenty-four (24) hour nursing care for the remainder of her life.

27. That as a direct and proximate result of Defendant's negligent conduct and lack of supervision, Plaintiff incurred additional cost in the form of medical treatment and daily nursing care.

28. That as a result of the injuries sustained from the fall at Defendant Webb City Health and Rehabilitation Center, Plaintiff is unable to care for herself, has trouble communicating, and has impaired mental cognition.

29. That as a result of the injuries sustained from the fall at Defendant Webb City Health and Rehabilitation Center, Plaintiff has endured continuous pain and suffering.

30. That as a result of the injuries sustained from the fall at Defendant Webb City Health and Rehabilitation Center, Plaintiff now receives twenty-four (24) hour assistance due to her inability to care for herself.

31. That Plaintiff's injuries were directly caused by the carelessness, negligence and unskillfulneses of Defendant, their servant and employees, in leaving her alone for a period of time when they knew or by the exercise of ordinary care could have known that it was dangerous

and unsafe to leave Plaintiff alone and without any watch or guard in the room while she was in such fragile condition.

32. That the actions of Defendant in regards to this incident were reviewed by the Missouri Department of Health and Senior Services in October 2009.

33. That Defendant was found to be deficient as follows: "based upon medical records reviewed, hospital record review and facility staff, therapy staff, roommate, family and physician interviews the facility failed to provide adequate supervision and use of assistive devices to prevent a fall resulting in head injury and hospitalization for one resident." See attached Exhibit "C."

34. That said resident discussed in the Department's findings was Plaintiff Frances Gahagan.

WHEREFORE Plaintiff Linda Kathryn Shoaff, as Guardian and Conservator for Frances Gahagan, prays that the Court enter judgment on her claim against Defendant Northport Health Services of Missouri, L.L.C. in such an amount as is fair and reasonable, for pain and suffering incurred from such injuries, for reasonable attorney's fees, for her costs incurred herein and for such other and further relief as this Court deems just and proper.

## COUNT II—RES IPSA LOQUITUR

35. That in the alternative to Count I, Plaintiff pleads Count II and a cause of action of res ipsa loquitur.

36. That Plaintiff incorporates each and every allegation contained in Paragraphs 1 through 30 as though fully set forth herein.

37. That as a result of being left alone and unsupervised while in the care of Defendant Webb City Health and Rehabilitation Center, Plaintiff fell out of her wheelchair.

38. That by reason thereof, Plaintiff was severely injured and suffered significant head trauma.

39. That Defendant, by and through its agent, servants, and employees who were to conduct the care of Plaintiff, were negligent in that Defendant left Plaintiff alone, despite physician instruction, and Plaintiff fell out of her wheelchair sustaining serious injuries.

40. That in the event that Plaintiff is unable to prove the specific acts alleged in paragraphs 38 through 40 above, Plaintiff then relies on the doctrine of res ipsa loquitur, and alleges that Defendant was negligent in the manner of conducting its duty of care and providing adequate supervisory care of Plaintiff as to cause severe head trauma and numerous other injuries, as alleged above.

41. That if Defendant had conducted its operations and care in an ordinarily prudent manner, in the usual course of events the injuries Plaintiff sustained would not have occurred. Therefore, Defendant's negligence was a proximate cause of the injuries to Plaintiff.

42. That Defendant was put on notice as to Plaintiff's fragile physical condition and to not leave Plaintiff alone and unsupervised in order to properly ensure her rehabilitation by physician's instructions upon her arrival at Defendant's facility. Notwithstanding this notice, Defendant, indeed, left Plaintiff alone thereafter.

43. That as a direct and proximate result of this negligence, Plaintiff suffered severe head trauma, contusion, closed head injury and numerous other injuries.

WHEREFORE Plaintiff Linda Kathryn Shoaff, as Guardian and Conservator for Frances Gahagan, prays that the Court enter judgment on her claims against Defendant Northport Health Services of Missouri, L.L.C. in such an amount as is fair and reasonable, for pain and suffering

incurred from such injuries, for reasonable attorney's fees, for her costs incurred herein and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Whitworth, McPherson and Longnecker, L.L.C.

_____
Daniel D. Whitworth, #28775
626 S. Byers
Joplin, Mo. 64801
Telephone: (417) 206-8881
Facsimile: (417) 206-2860
ATTORNEY FOR PLAINTIFF

# Face Sheet and Discharge Summary

D/C SUMMARY
ST. JOHN'S REGIONAL MEDICAL CENTER JOPLIN, MISSOURI

## DISCHARGE SUMMARY

ADMIT: 09/13/2009
NAME: GAHAGAN, FRANCES J  DATE: 09/23/2009
UNIT #: 00124923  0925600036  ROOM #: 0423
DOB: ▉▉▉▉▉▉  PT TYPE: I/P

ADMITTING DIAGNOSIS: Pneumonia.

DISCHARGE DIAGNOSIS:
1. Aspiration pneumonia.
2. Sepsis.
3. Acute respiratory failure due to the above.
4. Recent stroke with left hemiplegia.
5. History of hypertension.
6. History of dementia.
7. Fall with head contusion/closed head injury.
8. History of colon cancer, remote.
9. Stable angina.
10. Peripheral vascular disease.
11. Paroxysmal atrial fibrillation/flutter.
12. Bradycardia, possibly drug induced.
13. Recent perforated ulcer.
14. Coumadin coagulopathy.
15. Anemia (chronic).
16. Hypokalemia.
17. Dehydration.
18. Acute renal insufficiency due to dehydration.
19. Protein calorie malnutrition.
20. Dysphagia, probably due to cerebrovascular accident and dementia.

CONSULTATIONS: None.

PROCEDURES: None.

BRIEF HISTORY: Ms. Frances Gahagan is a 79-year-old female patient of Dr. Kessler, admitted from Joplin Health and Rehab through the emergency room with an altered level of consciousness, a fall, and a facial contusion. She recently had a stroke, leaving her with a left-sided weakness. She was sent to Webb City Health and Rehab Center for some therapy. Since going there, she just had a gradually deteriorating course. She became less and less responsive. The day of admission, she apparently leaned forward and fell out of a wheelchair. She was noted to be difficult to arouse. She was brought to the emergency room, where she was evaluated and found to have bilateral infiltrates. It was suspected that she was aspirating. She was admitted for further treatment.

## History and Physical Consultation

HISTORY\T\PHYSICAL
ST. JOHN'S REGIONAL MEDICAL CENTER JOPLIN, MISSOURI

HISTORY AND PHYSICAL

NAME: GAHAGAN, FRANCES J   DATE: 09/13/2009
UNIT #: 00124923  0925600036 ROOM #: 0423
DOB: ▮▮▮▮▮▮▮             PT TYPE: I/P

CHIEF COMPLAINT/HISTORY OF PRESENT ILLNESS: Ms. Gahagan is a 79-year-old patient who is regularly under the care of Dr. Kessler. She was hospitalized here about a month back with stroke with left hemiplegia, and since that time she has been at _____ rehab center. Lately, she had moderately severe weakness of her left arm with power 3/5 after a stroke previously. As per nursing home report, she has not been able to walk because of her weakness. She was generally responsive to questions.

Patient was noted to be unresponsive today morning. Apparently, she had a fall with laceration over the left forehead. She was transferred to the ER because of change in her mental condition and hypoxia, hypertension and cyanosis of her nails. At the ER, her blood pressure was 90/49, temperature was 94.8, pulse was 50 per minute. She had leukocytosis and left lung infiltrate. A CT scan of the head revealed a subacute right parietal infarct. She was felt to have acute pneumonia and was started on IV Zosyn, Levaquin and vancomycin, hospitalized for further management. She has been unresponsive since admission and also had hypoxia, is on O2 by mask.

There is no history of fever, chills, vomiting, diarrhea, any abdominal pain or chest pain. No history of seizure activity.

PAST MEDICAL HISTORY: As reported earlier, she had a stroke with right parietal infarct about a month back. She also had a surgery for perforated gastric ulcer several months back. She had appendectomy, hysterectomy and cholecystectomy. She also had a partial colon resection for colon cancer, abdominal aortic aneurysm repair and surgery for perforated ulcer.

FAMILY HISTORY: Unremarkable.

PERSONAL HISTORY: No history of smoking or drinking.

MEDICATIONS: Outpatient meds are listed on the nurses' med list.

REVIEW OF SYSTEMS: System review unremarkable except as reported earlier.

PHYSICAL EXAMINATION:
GENERAL: Physical revealed a 79-year-old patient who is not



EXHIBIT C

PRINTED: 10/27/2009
FORM APPROVED
OMB NO. 0938-0391
RECEIVED
NOV 09 2009
LTC REGION

| DEPARTMENT OF HEALTH AND HUMAN SERVICES CENTERS FOR MEDICARE & MEDICAID SERVICES | | | |
|---|---|---|---|
| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: 265307 | (X2) MULTIPLE CONSTRUCTION A. BUILDING ___ B. WING ___ | (X3) DATE SURVEY COMPLETED C 10/26/2009 |
| NAME OF PROVIDER OR SUPPLIER WEBB CITY HEALTH AND REHABILITATION CENTER | | STREET ADDRESS, CITY, STATE, ZIP CODE 2077 WEST CARL JUNCTION ROAD WEBB CITY, MO 64870 | |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETION DATE |
|---|---|---|---|---|
| F 281 F 323 SS=D | Continued From page 6 Complaint #MO00056521 483.25(h) ACCIDENTS AND SUPERVISION The facility must ensure that the resident environment remains as free of accident hazards as is possible; and each resident receives adequate supervision and assistance devices to prevent accidents. This REQUIREMENT is not met as evidenced by: Based on medical record review, hospital record review, and facility staff, therapy staff, roommate, family and physician interviews the facility failed to provide adequate supervision and use of assistive devices to prevent a fall resulting in head injury and hospitalization for one resident.(Resident #1), assessed as totally dependent on staff for transfers and with therapy recommendation for a lap tray on the wheelchair. Eight residents, four with recent falls and four with recent changes in condition, were reviewed in a facility census of 94. 1. Record review of the facility policy on "Fall" dated effective 11/1/01, showed the following information: -purpose identified to provide emergency care after a fall and prevent further injury if a fracture had occurred; -standard identified if the resident's condition from a fall is life threatening, the nurse should contact the ambulance for transport to the hospital and place a call to the physician and family. -process identified: 1. Do not move resident until the charge nurse has assessed the resident's condition. | F 281 F 323 | F323 Corrective actions: Resident #1 was assessed by licensed nurse when fall was discovered. The physician was notified of fall. The family was notified of fall. The care plan was modified to include resident not being left in wheelchair unattended. Identification of others at risk: All residents were reviewed with therapy on 11-5-09 to identify any recommendations for assistive devices. There are currently no residents with recommendations for assistive devices to aid in prevention of falls. Prevention/systemic changes: A change in nursing responsibilities was initiated in September 2009. We now assign one of our day shift LPNs to be a "desk nurse". One of the specific responsibilities of this individual is | |

# LAW OFFICES OF
# WHITWORTH, McPHERSON & LONGNECKER, L.L.C.

| 626 S. BYERS Ave.<br>JOPLIN, MISSOURI 64801 | DANIEL D. WHITWORTH<br>JUDDSON H. McPHERSON<br>*TINA M. LONGNECKER | PHONE: (417) 206-8881<br>FACSIMILE: (417) 206-2860 |
|---|---|---|
| Patricia Charleston, Paralegal | | *Licensed to practice in<br>Missouri & Kansas |

November 15, 2010

Clerk of the Circuit Court
Jasper County Courts Building
601 Pearl
Joplin, MO 64801

Re: Linda Kathryn Shoaff, as Guardian and Conservator of Frances Gahagan v. Northport Health Services of Missouri, L.L.C. d/b/a Webb City Health and Rehabilitation Center

Dear Clerk:

Enclosed for filing please find the Petition in the above referenced matter. Please return a file stamped copy to my office in the envelope provided.

Very truly yours,

Whitworth, McPherson & Longnecker, L.L.C.

Daniel D. Whitworth

DDW: nh
Enclosure
cc: Tim Dugan

**STATE OF MISSOURI** )
                             )SS.
**COUNTY OF JASPER** )

I, Linda Williams, Clerk of the Circuit Court, within and for the County of Jasper, in the State of Missouri, hereby certify that the above and foregoing is a full, true and complete copy of the
    PETITION
    10AO-CC00401
    LINDA K SHOAFF ET AL V NORTHPORT HEALTH SERVICES

entered in the cause therein named, as fully as the same appear of record in my office.

                                     In testimony whereof, witness my hand as Clerk and the seal of said Court hereto affixed. Done at my office in the city of Joplin, Jasper County, Missouri, this 4TH day of JANUARY 2011.

                                     LINDA WILLIAMS, CIRCUIT CLERK

                                     _[signature]_ D.C.